ORIGINAL
FILED

NOV 25 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1   JAMES G. KREISSMAN (Bar No. 206740)
    jkreissman@stblaw.com
2   SIMPSON THACHER & BARTLETT LLP
    2550 Hanover Street
3   Palo Alto, California  94304
    Telephone: (650) 251-5000
4   Facsimile:  (650) 251-5002

5   Attorneys for Defendants Richard S. Fuld,
    Jr., Christopher M. O'Meara, Joseph M.
6   Gregory, Ian Lowitt, David Goldfarb, John
    F. Akers, Roger S. Berlind, Marsha Johnson
7   Evans, Roland A. Hernandez and Henry
    Kaufman

E-filing

8

9

10              UNITED STATES DISTRICT COURT

11         FOR THE NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

BZ

13   THE SAN MATEO COUNTY INVESTMENT
     POOL,                                    CV 08        5353

14                                            08 Civ. _____
                  Plaintiff,
15
          v.                                  Removed from:
16
     RICHARD S. FULD, JR., CHRISTOPHER M.     Superior Court of the State of California,
17   O'MEARA, JOSEPH M. GREGORY, ERIN         County of San Francisco
     CALLAN, IAN LOWITT, DAVID GOLDFARB,
18   JOHN F. AKERS, ROGER S. BERLIND,         Civil No. CGC-08-481841
     MARSHA JOHNSON EVANS, ROLAND A.
19   HERNANDEZ, HENRY KAUFMAN, ERNST &        **NOTICE OF REMOVAL**
     YOUNG LLP, and DOES 1 through 20,
20
                  Defendants.
21

22

23         PLEASE TAKE NOTICE that Defendants Richard S. Fuld, Jr., Christopher M.

24   O'Meara, Joseph M. Gregory, Ian Lowitt, David Goldfarb, John F. Akers, Roger S. Berlind,

25   Marsha Johnson Evans, Roland A. Hernandez and Henry Kaufman (collectively, the "Removing

26   Defendants"), pursuant to 28 U.S.C. §§ 1334(b), 1367, 1441, 1446 and 1452, hereby remove the

27   entire above-captioned civil action, and all claims and causes of action therein, from the Superior

28

- 1 -

Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California, San Francisco Division.[1]

As grounds for removal, Removing Defendants state as follows:

1. On or about November 13, 2008, Plaintiff San Mateo County Investment Pool filed this action in the Superior Court of the State of California, San Francisco County. This case was assigned an index number of CGC-08-481841.[2]

2. On November 24, 2008, service of process was effected upon the Removing Defendants as a result of acceptance of service by counsel for the Removing Defendants.

3. Thus, this Notice is being filed within thirty days of service on the Removing Defendants and is timely filed under 28 U.S.C. § 1446(b).

4. The other defendants named in this action – Erin Callan and Ernst & Young LLP – consent to this Notice and seek the removal of this action to the United States District Court for the Northern District of California, San Francisco Division.

5. Plaintiff The San Mateo County Investment Pool ("County") alleges that it is an "investment pool" managed by the San Mateo County Treasurer "on behalf of the County, school districts, special districts, and other [investment pool] participants." Complaint ¶ 23. Plaintiff further alleges that it invested in Lehman Brothers Holdings Inc. ("Lehman") securities and suffered losses on such investments as a result of Defendants' wrongful conduct relating to the securities. *See* Complaint ¶ 23. Plaintiff alleges that it purchased the Lehman securities "[i]n reliance on Defendants' misrepresentations and omissions." Complaint ¶ 24. Plaintiff asserts

---

[1] By removing this matter, Removing Defendants do not waive, and expressly preserve, any and all defenses that they may have, including, but not limited to, lack of personal jurisdiction.

[2] This action is similar to numerous other actions, also in their incipiency, that are pending in the United States District Courts for the Western District of Arkansas, the Eastern District of Arkansas, the Southern District of New York and the Eastern District of New York. On November 14, 2008, certain defendants submitted to the Judicial Panel on Multidistrict Litigation a motion to transfer of all these actions to the Southern District of New York pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings before the Honorable Lewis A. Kaplan. Defendants will also request that the MDL Panel transfer the instant action to the Southern District of New York for pretrial coordination with the other related actions.

1  causes of action for fraud and deceit, negligent misrepresentation, breach of fiduciary duty,

2  violations of California Corporations Code § 25400 *et seq.*, and violations of Sections 11 and 15

3  of the Securities Act of 1933 (the "Securities Act").  *See* Complaint ¶¶ 162-206.

4        6.     Removal is appropriate here because this Court maintains bankruptcy "related to"

5  jurisdiction, pursuant to 28 U.S.C. §§ 1334(b) and 1452(a), and supplemental jurisdiction under 28

6  U.S.C. § 1367 for any claims or parties not subject to jurisdiction under § 1334.

7  **Bankruptcy "Related To" Jurisdiction**

8        7.     On September 15, 2008, Lehman Brothers Holdings Inc. ("Lehman"), the issuer of

9  the securities that are the subject of this action and the corporation for which the Individual

10  Defendants serve or served as officers or directors, filed a voluntary petition for reorganization

11  under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for

12  the Southern District of New York, *In re Lehman Brothers Holdings Inc.*, Case No. 08-13555, *et*

13  *seq.* (the "Lehman Bankruptcy Proceedings").  *See* Complaint ¶ 15.  The Lehman Bankruptcy

14  Proceedings are currently pending before U.S. Bankruptcy Judge James M. Peck.

15        8.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §

16  1334(b), which provides that United States district courts shall have jurisdiction over all civil

17  proceedings, *inter alia*, "related to cases under title 11 [the United States Bankruptcy Code]".

18  This action may be removed to this Court by Defendants under 28 U.S.C. § 1452(a), which

19  provides for removal of an action to a district court if it has original jurisdiction under section

20  1334, because this action is "related to" a case under Chapter 11, namely the Lehman Bankruptcy

21  Proceedings.

22        9.     This action is "related to" the Lehman Bankruptcy Proceedings, and therefore

23  removable to this Court pursuant to 28 U.S.C. § 1452(a), because the outcome of this case will

24  have a conceivable effect on the Lehman bankruptcy estate.  An action is "related to" a bankruptcy

25  proceeding if "*the outcome of the proceeding could conceivably have any effect on the estate*

26  *being administered in bankruptcy.*"  *In re Feitz*, 852 F.2d 455, 457 (9th Cir.1988) (emphasis in

27  original) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)); *Kaonohi Ohana, Ltd.*

28  *v. Sutherland*, 837 F. 2d 1302 (9th Cir. 1989), *see also In re Valdez Fisheries Development Assoc.,*

1    *Inc.*, 439 F. 3d 545, 547 (9th Cir. 2006).

2         10.     An action is "related to" a bankruptcy proceeding even when the claims are

3   between third parties. *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995) ("An action is

4   related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom

5   of action (either positively or negatively) and which in any way impacts upon the handling and

6   administration of the bankrupt estate.") (internal citations omitted); *Vacation Village, Inc. v. Clark*

7   *County, Nevada*, 497 F. 3d 902, 911 (9th Cir. 2007) (affirming that *Feitz* and *Pacor* provide the

8   test for whether "third party" claims relate to a bankruptcy proceeding).

9         11.     This action relates to Lehman's bankruptcy rights because (i) Lehman was the

10   issuer of the securities that are the subject of the action, (ii) Plaintiff has publicly announced its

11   intention to file a proof of claim against the Lehman bankruptcy estate, *see* Letter from Lee

12   Buffington, San Mateo County Treasurer, to All Pool Participants (Oct. 14, 2008),[3] (iii) certain

13   Defendants have claims to indemnification for defense costs and expenses from Lehman in the

14   event a judgment is entered against them in this action, (iv) at least certain, if not all, Defendants

15   have claims to contribution from Lehman in the event a judgment is entered against them in this

16   action, and (v) certain Defendants have rights to coverage under directors and officers insurance

17   policies issued to Lehman.

18         12.     Courts in the Ninth Circuit have regularly found that third party proceedings are

19   "related to" bankruptcy proceedings when the defendants have a claim for indemnification or

20   contribution against the debtor estate or a claim to coverage under insurance provided by the

21   bankrupt corporation, even where their rights are contingent or merely potential. *See Pacific Life*

22   *Ins. Co. v. J.P. Morgan Chase & Co.*, No. 03-CV-813, 2003 WL 22025158, at *1 (C.D. Cal. June

23   30, 2003) (finding that "related to" jurisdiction existed because of indemnification agreements

24   between underwriters and the bankrupt entity, and stating that claims of contribution and

25   indemnification, even where contingent, established "related to" jurisdiction); *Carpenters Pension*

26

27   [3]   *Available at*
     http://www.sanmateocountytaxcollector.org/treasurerDocs/reports/Progress%20Report%2

28      0for%20Pool%20Participants%20(October%2014,%202008).pdf.

1    *Trust For Southern California v. Ebbers*, 299 B.R. 610, 612-13 (C.D. Cal. 2003) (denying motion

2    to remand and finding potential for indemnification was enough to create jurisdiction after claims

3    against officers and directors of Worldcom were "related to" the bankruptcy); *Kennilworth*

4    *Partners II LP v. Crisman*, No. 00-CV-3218, 2001 WL 30534, at *3 (N.D. Cal. Jan. 3, 2001)

5    (directors and officers insurance provided by the bankrupt corporation was enough to make

6    proceedings against the defendants "related to" for the purposes of subject matter jurisdiction)

7    (remanded on unrelated grounds); *In re Enron Corp.*, 296 B.R. 505, 508 (C.D. Cal. 2003) (finding

8    that indemnification agreements between distributing banks and originating company were enough

9    to make claims against banks "related to" the bankruptcy proceedings of the distributing

10    company); *In re Sizzler Rests. Intl., Inc.*, 262 B.R. 811, 818-819 (Bankr. C.D. Cal. 2001) (holding

11    that employee indemnification provides an adequate basis for "related to" jurisdiction even though

12    indemnification was conditioned on a subsequent proceeding); *see generally In re Feitz*, 852 F. 2d

13    at 457 (rejecting "any limitation on" the definition of "related to" jurisdiction given in Pacor and

14    adopted by the Ninth Circuit).

15        13.     For any claims or parties not subject to jurisdiction under 28 U.S.C. § 1334,

16    supplemental jurisdiction lies under 28 U.S.C. § 1367 because all claims against all parties in this

17    case form part of the same case or controversy.

18    **Other Procedural Requirements**

19        14.     This is not a core proceeding under 28 U.S.C. § 157(b).  Removing Defendants do

20    not consent to entry of final orders or judgment by any bankruptcy judge.

21        15.     In accordance with 28 U.S.C. § 1446, Exhibit A includes file-stamped copies of all

22    process, pleadings and orders served upon Removing Defendants in this action.

23        16.     Removing Defendants will promptly serve a copy of the Notice of Removal on

24    Plaintiff's counsel and file with the Clerk of the Superior Court of the State of California, San

25    Francisco County, a Notice of Filing of Notice of Removal pursuant to 28 U.S.C. § 1446(d).

26        17.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11 and Bankruptcy

27    Rule 9011.

28

1      WHEREFORE, the Removing Defendants remove this action in its entirety from

2 the Superior Court of the State of California, San Francisco County to the United States District

3 Court for the Northern District of California, San Francisco Division.

4

5 Dated:  November 25, 2008

6                         SIMPSON THACHER & BARTLETT LLP

7

8                  By                           
                        James G. Kreissman

9                        *Attorneys for Removing Defendants Richard S.
Fuld, Jr., Christopher M. O'Meara, Joseph M.

10                     Gregory, Ian Lowitt, David Goldfarb, John F.
Akers, Roger S. Berlind, Marsha Johnson Evans,

11                     Roland A. Hernandez and Henry Kaufman*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark C. Molumphy (168009)<br>Cotchett Pitre & McCarthy<br>San Francisco Airport Office Center<br>840 Malcolm Road, Ste. 200<br>Burligame, CA 94010<br>TELEPHONE NO.: 650-697-6000   FAX NO. *(Optional):*   650-697-0577<br>E-MAIL ADDRESS *(Optional):* mmolumphy@cpmlegal.com<br>ATTORNEY FOR *(Name):* Mark C. Molumphy | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil Department

PLAINTIFF/PETITIONER: The San Mateo County Investment Pool

DEFENDANT/RESPONDENT: Richard S. Fuld, Jr., Christopher M. O'Meara

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CGC-08-481841 |
|---|---|

TO *(insert name of party being served):* John F. Akers

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: November 21, 2008

Mark C. Molumphy
(TYPE OR PRINT NAME)                    ►                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Civil Cover Sheet; Notice of Case Management Conference; ADR Program Information Packet

*(To be completed by recipient):*
Date this form is signed: November 24, 2008

James G. Kreissman
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)                    ►                    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
(on behalf of John F. Akers)

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Legal Solutions Plus

Code of Civil Procedure,<br>§§ 415.30, 417.10

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark C. Molumphy (168009)<br>Cotchett Pitre & McCarthy<br>San Francisco Airport Office Center<br>840 Malcolm Road, Ste. 200<br>Burligame, CA 94010 | |

TELEPHONE NO.: 650-697-6000    FAX NO. *(Optional):*    650-697-0577

E-MAIL ADDRESS *(Optional):*  mmolumphy@cpmlegal.com

ATTORNEY FOR *(Name):*  Mark C. Molumphy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco

STREET ADDRESS: 400 McAllister Street

MAILING ADDRESS:

CITY AND ZIP CODE: San Francisco, CA 94102

BRANCH NAME: Civil Department

PLAINTIFF/PETITIONER: The San Mateo County Investment Pool

DEFENDANT/RESPONDENT: Richard S. Fuld, Jr., Christopher M. O'Meara

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CGC-08-481841 |
|---|---|

TO *(insert name of party being served):* Roger S. Berlind

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: November 21, 2008

Mark C. Molumphy
_____
(TYPE OR PRINT NAME)    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Civil Cover Sheet; Notice of Case Management Conference; ADR Program Information Packet

*(To be completed by recipient):*
Date this form is signed:  November 24, 2008

James G. Kreissman
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
(on behalf of Roger S. Berlind)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark C. Molumphy (168009)<br>Cotchett Pitre & McCarthy<br>San Francisco Airport Office Center<br>840 Malcolm Road, Ste. 200<br>Burlingame, CA 94010<br>TELEPHONE NO.: 650-697-6000   FAX NO. *(Optional):*   650-697-0577<br>E-MAIL ADDRESS *(Optional):* mmolumphy@cpmlegal.com<br>ATTORNEY FOR *(Name):* Mark C. Molumphy | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil Department

PLAINTIFF/PETITIONER: The San Mateo County Investment Pool

DEFENDANT/RESPONDENT: Richard S. Fuld, Jr., Christopher M. O'Meara

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-08-481841 |
|---|---|

TO *(insert name of party being served):* Marsha Johnson Evans

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: November 21, 2008

Mark C. Molumphy
_____    ▶    _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Civil Cover Sheet; Notice of Case Management Conference; ADR Program Information Packet

*(To be completed by recipient):*
Date this form is signed: November 24, 2008

James G. Kreissman
_____    ▶    _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                       ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
(on behalf of Marsha Johnson Evans)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Legal
Solutions
Plus

Code of Civil Procedure,
§§ 415.30, 417.10

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Mark C. Molumphy (168009)<br>Cotchett Pitre & McCarthy<br>San Francisco Airport Office Center<br>840 Malcolm Road, Ste. 200<br>Burligame, CA 94010<br><br>TELEPHONE NO.: 650-697-6000   FAX NO. *(Optional)*:   650-697-0577<br>E-MAIL ADDRESS *(Optional)*: mmolumphy@cpmlegal.com<br>ATTORNEY FOR *(Name)*: Mark C. Molumphy | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil Department

PLAINTIFF/PETITIONER: The San Mateo County Investment Pool

DEFENDANT/RESPONDENT: Richard S. Fuld, Jr., Christopher M.
O'Meara

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-08-481841 |
|---|---|

TO *(insert name of party being served)*: Richard S. Fuld, Jr.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: November 21, 2008

Mark C. Molumphy
(TYPE OR PRINT NAME)                    ▶ _____
                                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Civil Cover Sheet; Notice of Case Management Conference; ADR
   Program Information Packet;

*(To be completed by recipient):*
Date this form is signed: November 24, 2008

James G. Kreissman
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,      ▶ _____
ON WHOSE BEHALF THIS FORM IS SIGNED)                       (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
(on behalf of Richard S. Fuld, Jr.)                        ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark C. Molumphy (168009)<br>Cotchett Pitre & McCarthy<br>San Francisco Airport Office Center<br>840 Malcolm Road, Ste. 200<br>Burlingame, CA 94010<br>  TELEPHONE NO.: 650-697-6000   FAX NO. *(Optional):*   650-697-0577<br>E-MAIL ADDRESS *(Optional):* mmolumphy@cpmlegal.com<br>  ATTORNEY FOR *(Name):* Mark C. Molumphy | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
  STREET ADDRESS: 400 McAllister Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Francisco, CA 94102
  BRANCH NAME: Civil Department

PLAINTIFF/PETITIONER: The San Mateo County Investment Pool

DEFENDANT/RESPONDENT: Richard S. Fuld, Jr., Christopher M. O'Meara

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-08-481841 |
|---|---|

TO *(insert name of party being served):* David Goldfarb

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: November 21, 2008

Mark C. Molumphy
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Civil Cover Sheet; Notice of Case Management Conference; ADR Program Information Packet

*(To be completed by recipient):*
Date this form is signed: November 24, 2008

James G. Kreissman
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)
(on behalf of David Goldfarb)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Legal
Solutions
⌐ Plus

Code of Civil Procedure,
§§ 415.30, 417.10

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mark C. Molumphy (168009)<br>Cotchett Pitre & McCarthy<br>San Francisco Airport Office Center<br>840 Malcolm Road, Ste. 200<br>Burlingame, CA 94010<br>TELEPHONE NO.: 650-697-6000   FAX NO. (Optional): 650-697-0577<br>E-MAIL ADDRESS (Optional): mmolumphy@cpmlegal.com<br>ATTORNEY FOR (Name): Mark C. Molumphy | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco

STREET ADDRESS: 400 McAllister Street

MAILING ADDRESS:

CITY AND ZIP CODE: San Francisco, CA 94102

BRANCH NAME: Civil Department

PLAINTIFF/PETITIONER: The San Mateo County Investment Pool

DEFENDANT/RESPONDENT: Richard S. Fuld, Jr., Christopher M. O'Meara

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-08-481841 |
|---|---|

TO (insert name of party being served): Joseph M. Gregory

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: November 21, 2008

Mark C. Molumphy
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. [X] A copy of the summons and of the complaint.
2. [X] Other: (specify): Civil Cover Sheet; Notice of Case Management Conference; ADR Program Information Packet

(To be completed by recipient):

Date this form is signed: November 24, 2008

James G. Kreissman
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)
(on behalf of Joseph M. Gregory)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>℞ Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark C. Molumphy (168009)<br>Cotchett Pitre & McCarthy<br>San Francisco Airport Office Center<br>840 Malcolm Road, Ste. 200<br>Burlingame, CA 94010<br>TELEPHONE NO.: 650-697-6000   FAX NO. *(Optional):*   650-697-0577<br>E-MAIL ADDRESS *(Optional):* mmolumphy@cpmlegal.com<br>ATTORNEY FOR *(Name):* Mark C. Molumphy | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil Department

PLAINTIFF/PETITIONER: The San Mateo County Investment Pool

DEFENDANT/RESPONDENT: Richard S. Fuld, Jr., Christopher M. O'Meara

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-08-481841 |
|---|---|

TO *(insert name of party being served):*  Roland A. Hernandez

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: November 21, 2008

Mark C. Molumphy
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1.  [X]  A copy of the summons and of the complaint.
2.  [X]  Other: *(specify):* Civil Cover Sheet; Notice of Case Management Conference; ADR Program Information Packet

*(To be completed by recipient):*
Date this form is signed:  November 24, 2008

James G. Kreissman
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)
(on behalf of Roland A. Hernandez)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Legal
Solutions
Plus

Code of Civil Procedure,
§§ 415.30, 417.10

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark C. Molumphy (168009)<br>Cotchett Pitre & McCarthy<br>San Francisco Airport Office Center<br>840 Malcolm Road, Ste. 200<br>Burligame, CA 94010<br>TELEPHONE NO.: 650-697-6000   FAX NO. *(Optional):*   650-697-0577<br>E-MAIL ADDRESS *(Optional):* mmolumphy@cpmlegal.com<br>ATTORNEY FOR *(Name):* Mark C. Molumphy | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil Department

PLAINTIFF/PETITIONER: The San Mateo County Investment Pool

DEFENDANT/RESPONDENT: Richard S. Fuld, Jr., Christopher M. O'Meara

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-08-481841 |
|---|---|

TO *(insert name of party being served):* Henry Kaufman

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: November 21, 2008

Mark C. Molumphy
(TYPE OR PRINT NAME)           ▶           (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Civil Cover Sheet; Notice of Case Management Conference; ADR Program Information Packet

*(To be completed by recipient):*
Date this form is signed: November 24, 2008

James G. Kreissman
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,           ▶           (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                         ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
(on behalf of Henry Kaufman)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Legal<br>Solutions<br>Plus | Code of Civil Procedure:<br>§§ 415.30, 417.10 |
|---|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark C. Molumphy (168009)<br>Cotchett Pitre & McCarthy<br>San Francisco Airport Office Center<br>840 Malcolm Road, Ste. 200<br>Burlingame, CA 94010<br><br>TELEPHONE NO.: 650-697-6000    FAX NO. *(Optional):*   650-697-0577<br>E-MAIL ADDRESS *(Optional):* mmolumphy@cpmlegal.com<br>ATTORNEY FOR *(Name):* Mark C. Molumphy | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil Department

PLAINTIFF/PETITIONER: The San Mateo County Investment Pool

DEFENDANT/RESPONDENT: Richard S. Fuld, Jr., Christopher M. O'Meara

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CGC-08-481841 |
|---|---|

TO *(insert name of party being served):* <u>Ian Lowitt</u>

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: November 21, 2008

Mark C. Molumphy
(TYPE OR PRINT NAME)                   ► _____
                                       (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Civil Cover Sheet; Notice of Case Management Conference; ADR Program Information Packet

*(To be completed by recipient):*
Date this form is signed: November 24, 2008

James G. Kreissman
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,    ► _____
WHOSE BEHALF THIS FORM IS SIGNED)                       (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
                                                        ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
(on behalf of Ian Lowitt)

Form Adopted for Mandatory Use          **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**                Code of Civil Procedure,
Judicial Council of California                                                                          §§ 415.30, 417.10
POS-015 [Rev. January 1, 2005]                                                    *Legal Solutions Plus*

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Mark C. Molumphy (168009)
Cotchett Pitre & McCarthy
San Francisco Airport Office Center
840 Malcolm Road, Ste. 200
Burligame, CA 94010
    TELEPHONE NO.: 650-697-6000   FAX NO. *(Optional):*  650-697-0577
E-MAIL ADDRESS *(Optional):*  mmolumphy@cpmlegal.com
  ATTORNEY FOR *(Name):* Mark C. Molumphy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
   STREET ADDRESS: 400 McAllister Street
   MAILING ADDRESS:
  CITY AND ZIP CODE: San Francisco, CA 94102
   BRANCH NAME: Civil Department

PLAINTIFF/PETITIONER: The San Mateo County Investment Pool

DEFENDANT/RESPONDENT: Richard S. Fuld, Jr., Christopher M. O'Meara

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CGC-08-481841 |
|---|---|

TO *(insert name of party being served):* Christopher M. O'Meara

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: November 21, 2008

Mark C. Molumphy
   (TYPE OR PRINT NAME)                 (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
  1.  [X] A copy of the summons and of the complaint.
  2.  [X] Other: *(specify):* Civil Cover Sheet; Notice of Case Management Conference; ADR Program Information Packet

*(To be completed by recipient):*
Date this form is signed: November 24, 2008

James G. Kreissman
  (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
     ON WHOSE BEHALF THIS FORM IS SIGNED)        ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
(on behalf of Christopher M. O'Meara )

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]
**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**
Legal
Solutions
Plus
Code of Civil Procedure,
§§ 415.30, 417.10

SU___S                                              **SUM-100**
*(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Richard S. Fuld, Jr., Christopher M. O'Meara, Joseph
M. Gregory, Erin Callan, Ian Lowitt, David Goldfarb,
John F. Akers, Roger S. Berlind, Marsha Johnson
Evans, Roland A. Hernandez, Henry Kaufman, Ernst &
Young LLP, and DOES 1 through 20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
The San Mateo County Investment Pool

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: | CASE NUMBER *(Número del Caso):* |
| *(El nombre y dirección de la corte es):* | CGC - 08 - 481841 |
| San Francisco Superior Court | |
| 400 McAllister Street | |
| San Francisco, CA 94102 | |
| Civil Department | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph W. Cotchett (36324) Mark C. Molumphy (168009)   650-697-6000   650-697-0577
Cotchett Pitre & McCarthy
San Francisco Airport Office Center
Burlingame, CA 94010

DATE:                                        Clerk, by _____, Deputy
*(Fecha)* NOV 1 3 2008    (Secretario) GORDON PARK-LI  CRISTINA E. BAUTISTA    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| [SEAL] | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☐ on behalf of *(specify):* |
| | under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

| | | Page 1 of 1 |
|---|---|---|
| Form Adopted for Mandatory Use | | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | **SUMMONS** | Legal Solutions Plus |
| SUM-100 [Rev. January 1, 2004] | | |

1.  JOSEPH W. COTCHETT (36324)
    MARK C. MOLUMPHY (168009)
2.  NANCI E. NISHIMURA (152621)
    SEAN E. PONIST (204712)
3.  **COTCHETT, PITRE & McCARTHY**
    840 Malcolm Road, Suite 200
4.  Burlingame, California 94010
    (650) 697-6000
5.
    GEORGE R. COREY (34508)
6.  AMANDA L. RIDDLE (215221)
    **COREY, LUZAICH PLISKA**
7.  **deGHETALDI & NASTARI**
    700 El Camino Real
8.  Millbrae, California 94030
    (650) 871-5666
9.
    Attorneys for Plaintiff
10. **THE SAN MATEO COUNTY INVESTMENT POOL**

11.

12.              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                 **IN AND FOR THE COUNTY OF SAN FRANCISCO**

13.                                              CGC - 0 8 - 4 8 1 8 4 1
    **THE SAN MATEO COUNTY**                )
14. **INVESTMENT POOL,**                      )   **CIVIL ACTION NO.:**
                                             )
15.                     Plaintiff,            )   **COMPLAINT FOR:**
                                             )
16. vs.                                       )
                                             )   1.  **Fraud and Deceit**
17. **RICHARD S. FULD, JR.,**                 )
                                             )   2.  **Negligent Misrepresentation**
18. **CHRISTOPHER M. O'MEARA,**               )
                                             )   3.  **Breach of Fiduciary Duty**
19. **JOSEPH M. GREGORY,**                    )
                                             )   4.  **Violations of Calif. Corp. Code §**
20. **ERIN CALLAN,**                          )       **25400 et seq.;**
    **IAN LOWITT,**                           )
21. **DAVID GOLDFARB,**                       )   5.  **Violation of § 11 of the Securities Act**
                                             )
22. **JOHN F. AKERS,**                        )   6.  **Violation of § 15 of the Securities Act**
    **ROGER S. BERLIND,**                     )
23. **MARSHA JOHNSON EVANS,**                 )
                                             )
24. **ROLAND A. HERNANDEZ,**                  )
    **HENRY KAUFMAN,**                        )
25. **ERNST & YOUNG LLP,**                    )
    and **DOES 1 through 20,**                )   **JURY TRIAL DEMANDED**
26.                                           )
                    Defendants.               )
27. _____ )

28.

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

**TABLE OF CONTENTS**

page

I.   **INTRODUCTION** ........................................................ 1

II.  **JURISDICTION AND VENUE** ..................................... 7

III. **THE PARTIES** ........................................................ 8

    A.    Plaintiff ........................................................ 8

    B.    Defendants ................................................... 8

          1.    Officer Defendants ............................. 8

          2.    Finance and Risk Committee Defendants ......... 10

    C.    Auditor Defendant ........................................ 12

    D.    Doe Defendants ............................................ 12

    E.    Agents and Co-Actors .................................... 12

    F.    Unnamed Participants .................................... 12

IV.  **FACTUAL ALLEGATIONS** ....................................... 13

    A.    The San Mateo County Investment Pool ............... 13

          1.    State Law Authority and Requirements ........... 13

          2.    The Structure And Investment Policy Of The San Mateo County Investment Pool ................. 14

    B.    The Development of The Mortgage Securitization Industry ......... 17

          1.    Increasing Use of Sub-Prime Loans ............. 17

          2.    The Practice Of Pooling Risky Mortgages As A Security ......... 18

    C.    Lehman's Emerges As The Industry Leader In Mortgage-Based Securities ..... 20

    D.    As the Mortgage Market Deteriorates, Lehman's Risk Exposure Multiplies ... 23

    E.    Lehman's SEC Filings And Related Market Reports, Reviewed And Approved by Ernst & Young, Failed To Disclose Lehman's Increasing Exposure To Mortgage-Related Losses ..... 30

    F.    The Central Role Of Ernst & Young .................. 38

W OFFICES
OTCHETT,
PITRE &
CCARTHY

V.  CAUSES OF ACTION ............................................................. 47

    FIRST CAUSE OF ACTION
        (Fraud and Deceit) ........................................................ 47

    SECOND CAUSE OF ACTION
        (Negligent Misrepresentation) ...................................... 48

    THIRD CAUSE OF ACTION
        (Breach of Fiduciary Duty) .......................................... 50

    FOURTH CAUSE OF ACTION
        (Violation of California Corporations Code § 25400 *et seq.*) ............ 51

    FIFTH CAUSE OF ACTION
        (Violations of Section 11 of the Securities Act) ................ 52

    SIXTH CAUSE OF ACTION
        (For Violations of Section 15 of the Securities Act of 1933) ............ 53

VI.  PRAYER FOR RELIEF ........................................................ 54

VII.  DEMAND FOR JURY TRIAL ............................................. 54

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

Plaintiff **The San Mateo County Investment Pool** ("Plaintiff" or the "County") alleges the following based on the investigation conducted by the County and its counsel, a review and analysis of **Lehman Brothers Holdings, Inc.'s** ("Lehman" or the "Company") and **Ernst & Young** filings with the United States Securities Exchange Commission (the "SEC"), news articles and other media reports, press releases, interviews, and other matters of record.

## I.   INTRODUCTION

### OVERVIEW

1.    This case represents the worst example of the fraud committed by modern day robber barons of Wall Street, who targeted public entities to finance their risky practices and then paid themselves hundreds of millions of dollars in compensation while their companies deteriorated.  At **Lehman,** as investors like the County were losing billions, Chief Executive Officer **Richard Fuld** reportedly took out almost **$500 million,** purchasing a lavish **multi-million dollar home** (10,000 sq. ft.) in Greenwich, Connecticut, a **$21 million** apartment on Park Avenue in New York, a **$13 million** beachfront vacation home in Florida, a **million dollar** ski house in Sun Valley, Idaho, and a **multi-million dollar** art collection.  Others in Lehman's executive management took out lucrative bonuses paid in the years before the Company's collapse, while committing a fraud.  **Lehman** had the audacity to ask the U.S. Taxpayers for assistance in September 2008, just before filing for bankruptcy.

### THE SCHEME

2.    As described herein, **Lehman,** aided and abetted by its **Executives** and its long-time auditor, **Ernst & Young** ("E&Y"), were able to raise billions of dollars from investors, like the County, by concealing Lehman's increasingly dangerous exposure from its low grade mortgage portfolio and its refusal to properly value its assets.  Quite the contrary, Defendants repeatedly distinguished Lehman from other firms by emphasizing its strong capital base and superior risk management practices.

/ / /

/ / /

3.     **Lehman** was a major participant in the mortgage and real estate markets, originating residential and commercial mortgages, securitizing loans, marketing various asset-backed instruments, and investing directly in real estate.  However, Lehman knew as early as 2005 that trouble was ahead given its sub-prime real estate exposure.

4.     In 2006 and 2007, the real estate and mortgage markets were in the midst of an unprecedented meltdown that adversely affected the market value of real estate and mortgage assets.  Hundreds of companies with mortgage exposure, like Citigroup, Merrill Lynch, Morgan Stanley, Bear Stearns, and UBS, booked enormous gross losses related to their mortgage assets and the credit squeeze in 2007.  For example, in June 2007, Bear Stearns announced that it would provide $3.2 billion to two of its hedge funds after they experienced significant mortgage-related losses.  Those funds collapsed in July after incurring additional losses on their mortgage positions.

5.     **Lehman's** 2006 and 2007 financial reports, signed off by **E&Y**, hid the Company's exposure to mortgage-related losses.  For instance, despite the severe conditions in the real estate and mortgage markets during the second quarter of 2007 (ending May 31, 2007), Lehman's SEC filings disclosed no gross writedowns of its real estate and mortgage-related assets during the quarter, but instead reported that the Company increased its holdings of such assets.  Likewise, when reporting its third quarter 2007 results on September 18, 2007, Lehman failed to disclose material information regarding its internal gross writedowns of its real estate mortgage portfolio.  When specifically asked for a breakdown of the gross versus net writedowns associated with the mortgage assets, Defendant Christopher O'Meara, the Chief Financial Officer at the time, refused to provide the information:  "**[K]nowing the gross numbers particularly in that business, I don't think is really a meaningful thing.**"

6.     **Lehman's** lack of disclosure and false reports were particularly misleading with respect to its exposure to so-called "Alt-A" investments.  The term "Alt-A" is supposed to describe a mortgage that has a risk profile between prime and subprime.  However, Lehman's Alt-A portfolio was largely comprised of high-risk loans that did not resemble conventional Alt-

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

A loans and were in fact more similar to subprime. Lehman's reports disclosed no meaningful information about its Alt-A portfolio. Even when Lehman, in its Form 10-Q for the first quarter of 2008, first included a separate line item for "Alt-A," it lumped together Alt-A holdings with "prime" holdings.

7.     **Lehman**, through its Executives, claimed that its superior risk management practices "hedged" against losses in its real estate and mortgage portfolio. However, the defendants disclosed no meaningful information about its supposed "economic hedges" – such as how much of its portfolio the Company had hedged, the dollar amount of total holdings, what percentage was hedged, and the specific financial instruments used to hedge mortgage-backed assets. In truth, Lehman's "economic hedges" presented an undisclosed risk of additional losses from the hedges themselves.

8.     **Lehman**, through its Executives, knowingly, with the consent of **E&Y**, took inadequate writedowns and claimed superior risk management practices. Lehman reported **record profits** for fiscal year 2007, including net income of $877 million for the fourth quarter of 2007, **and with the knowledge of E&Y gave lucrative bonuses to its executives**. The Defendants also raised over $30 billion from investors like the County through offerings of debt and equity securities. Unlike a retail bank, Lehman, as an investment bank, did not have a large deposit base and had to raise capital from independent sources for investment and liquidity purposes to replace losses. After raising approximately $1.9 billion in a preferred share offering that "took care of our full-year needs," shortly thereafter, however, Lehman raised an additional $4 billion through a preferred share offering in April 2008.

## INTERNAL WARNINGS

9.     Internally, Lehman's executives acknowledged that warning signs were evident and that management had not moved "early/fast enough." An internal **January 2008** presentation, for example, indicated that "[v]ery few of the top financial issuers have been able to escape damage from the subprime fallout." Further, the internal presentation warned that "a small number of investors account for a large portion of demand [for Lehman issues], liquidity

1  can disappear quite fast." Likewise, an **Internal June 2008** memorandum recognized that

2  conditions were "clearly not sustainable" as the firm remained in "illiquid asset [origination] too

3  much/too long" and behaved "too much like investors, not traders" and practiced undisciplined

4  capital allocation.

5  **THE ROLE OF ERNST & YOUNG**

6       10.    The fraudulent scheme, described in detail herein, occurred as one of the

7  country's largest accounting firms, **E&Y**, chose to look the other way and give its stamp of

8  approval to Lehman's financial condition and risk exposure, rather than risk losing lucrative

9  accounting and auditing fees – estimated at **$31 million in 2007 alone**. The exceptionally large

10  fees were allegedly earned by E&Y for diligently auditing Lehman's financial statements and the

11  transactions underlying the numbers, providing the public investors – the intended beneficiaries

12  of E&Y's audit reports — with the assurance of a legitimate operation while other competitors

13  were taking substantial writedowns. Following its audits, E&Y issued unqualified audit reports

14  on the annual financial statements of Lehman and continued to review its quarterly financial

15  statements, as well as the press releases regarding the financial status of the Company. Yet, the

16  auditor violated its most basic professional and contractual duties, as well as generally accepted

17  accounting principles ("GAAP") and generally accepted auditing standards ("GAAS").

18       11.    As Lehman was **increasing** its leverage position as it **expanded** its real estate

19  and mortgage portfolio, reaching over thirty times shareholder equity by the end of the first

20  quarter of 2008, the Individual Defendants, with the knowledge and consent of **E&Y**, falsely

21  assured investors that its exposure was well contained and that it had hedged against losses. For

22  example, when two Bear Stearns hedge funds failed in July 2007, Lehman spokesperson Kerrie

23  Cohn stated on July 18, 2007: **"The rumors regarding [Lehman's] subprime exposure are**

24  **totally unfounded."** In truth, as known by E&Y, Lehman had just originated billions in

25  additional risky subprime loans.

26  / / /

27  / / /

28